WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Zachary Eggers,

    Plaintiff,

v.

Ernesto Trujillo, et al.,

    Defendants.

No. CV-18-03913-PHX-SRB (ESW)

**ORDER**

The Court has reviewed Plaintiff's "Motion for Sanctions, Pursuant to Rule 11(c) in Response to Defendants' Withdrawal of Motion for Summary Judgment and Request for Hearing (Doc. 32)" (Doc. 35).

"Federal Rule of Civil Procedure 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, without factual foundation or brought for an improper purpose." *Petrella v. Metro–Goldwyn–Mayer, Inc.*, 695 F.3d 946, 957 (9th Cir. 2012), *reversed on other grounds*, 132 S.Ct. 1962 (2014). The party moving for Rule 11 sanctions bears the burden of proof and persuasion. *See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987) (finding that burden of proving Rule 11 sanctions were not justified was erroneously placed on non-moving party); *Rich Art Sign Co. Inc. v. Ring*, 122 F.R.D. 472, 474 (E.D. Pa. 1988) (denying motion for sanctions where defendants failed to prove that claim was frivolous); *Phinney v. Paulshock*,

181 F.R.D. 185, 197 (D.N.H. 1998) (stating that "[i]n general, the burden of proof is on the party seeking the sanction").

In addition, Federal Rule of Civil Procedure 11 contains a safe harbor provision, which provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). "The purpose of the safe harbor . . . is to give the offending party the opportunity . . . to withdraw the offending pleading *and thereby escape sanctions.*" *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original); *see also* Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments, Subdivisions (b) and (c) (explaining that the "safe harbor" provision protects the non-moving party from a motion for sanctions if the party makes a timely withdrawal of the contention that gave rise to the motion).

Plaintiff has not disputed Defendants' assertion that he failed to serve Defendants with his Motion for Sanctions prior to filing it. (Doc. 36 at 4). Plaintiff's failure to comply with the safe harbor provision precludes an award of Rule 11 sanctions. *See Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) ("A motion for sanctions may not be filed, however, unless there is strict compliance with Rule 11's safe harbor provision."); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("An award of sanctions cannot be upheld" where the movant does not comply with the twenty-one day notice requirement); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) (affirming district court's ruling that there was "no basis" for awarding Rule 11 sanctions where moving party did not comply with safe harbor provision); *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (reversing district court's grant of Rule 11 sanctions where the moving party failed to comply with the safe harbor provision); *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) ("We must reverse the award of sanctions when the [moving] party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous."). Further, the Court finds that Petitioner's allegations set

forth in his Motion for Sanctions (Doc. 35) are insufficient to support Rule 11 sanctions.

Accordingly,

**IT IS ORDERED** denying Plaintiff's "Motion for Sanctions, Pursuant to Rule 11(c) in Response to Defendants' Withdrawal of Motion for Summary Judgment and Request for Hearing (Doc. 32)" (Doc. 35).

Dated this 26th day of September, 2019.

_____
Honorable Eileen S. Willett
United States Magistrate Judge